IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
DEC 0 5 2005
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JERRY CLYDE SCHILLING, | § | |
| TDCJ-CID #603386, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3366 |
| | § | |
| PAMELA S. BAGGETT, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Clyde Schilling, proceeding *pro se* and *in forma pauperis*, files this lawsuit under 42 U.S.C. § 1983, raising various civil rights claims against fifteen employees of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ). After considering the pleadings and applicable law, the Court **DISMISSES** this lawsuit under 28 U.S.C. § 1915A for failure to state a claim.

I.   **Claims**

Plaintiff claims that because defendants incorrectly classified him as a gang member, he was denied trustee status, better housing conditions, and parole, and was transferred to a maximum security unit where his life is now endangered. He further claims that TDCJ employees lied, refused to intervene and correct his classification and his other complaints, and inadequately investigated and responded to his grievances. Plaintiff also alleges that defendants denied his requests for certain indigent legal supplies and legal visits, and harassed him at night with the prison lights. Plaintiff claims that the defendants are involved in a "chain conspiracy" under 42 U.S.C. § 1985 to violate his civil rights, and that they

transferred him to a dangerous maximum security facility for retaliatory purposes.

## II. Analysis

Under 28 U.S.C. § 1915, the Court is required to dismiss an inmate's complaint or any portion of a complaint, if the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A claim may be dismissed as frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). In order to obtain relief under 42 U.S.C. § 1983, plaintiff must prove that he was deprived of a right secured by the Constitution and laws of the United States, and that the deprivation of that right was committed by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). None of plaintiff's claims has an arguable basis in law or in fact. His complaints regarding gang classification, housing, and trustee status fail to state claims of a constitutional dimension, as inmates have no protectable property or liberty interest in such considerations. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Nor does plaintiff have a protected liberty interest that was violated by the alleged failure of officials to remove information about his gang affiliation from his prison records, *see Velasquez v. Woods*, 329 F.3d 420, 421-22 (5th Cir. 2003), or by any possible delays in being considered for release on parole or mandatory supervision.[1] *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Plaintiff does not have a constitutional right not to be classified as a security threat, and this Court will not interfere with the decision to

---

[1] The Court notes that plaintiff was denied parole for several reasons, including his gang affiliation, a history of drug or alcohol use or possession, and at least one unsuccessful prior parole. (Docket Entry No. 6.)

assign him to confined custody as a result of the classification. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

Further, plaintiff's allegations that he was harassed and denied access to the courts by defendants' refusal to replace his used carbon paper fails to raise a constitutional issue. The denial of access to copy machines or even to typewriters and carbon paper does not deprive an inmate of his right of access to the courts. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988). Nor do plaintiff's claims that the defendants denied him certain indigent legal materials and legal visits state a valid denial of access claim, as he fails to allege or show that such denials caused him any actual injury or loss to his existing or potential litigation. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Plaintiff complains that defendants "inflicted cruel and unusual punishment with the lights-sleep deprivation." His allegations do not reflect that defendants' actions caused him any serious physical or psychological injury or the total deprivation of a basic necessity of life, and his Eighth Amendment claim is frivolous. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999). Plaintiff's claims that defendants lied and failed properly or adequately to investigate or respond to his grievances likewise fail to raise a federal constitutional issue. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995).

Plaintiff's claims for defendants' retaliation, conspiracy, and deliberate indifference to his safety are equally unavailing, as he fails to allege or show that such claims have been exhausted through the prison grievance system. Plaintiff raised these and similar claims in

*Schilling v. Dretke*, C.A. No. 04-cv-099-Y (N.D. Tex. 2004), which was dismissed for failure to exhaust. Although adequately warned and informed of the exhaustion requirement in that dismissal, plaintiff has again elected to pursue these and related unexhausted claims here. By choosing to file and pursue a lawsuit before meeting the exhaustion requirements of 42 U.S.C. § 1997e, plaintiff has sought relief to which he was not entitled. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998). Because plaintiff's filing of such claims presently lack an arguable basis in law, they may be dismissed as frivolous for *in forma pauperis* purposes under 28 U.S.C. § 1915A, but without prejudice to refiling in a fee-paid complaint asserting the same allegations.

### III. Conclusion

Plaintiff's claims for retaliation, conspiracy, and deliberate indifference to his safety are **DISMISSED WITHOUT PREJUDICE** to refiling in a fee-paid complaint. Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**. This civil rights action is **DISMISSED** as frivolous under 28 U.S.C. § 1915A for failure to state a claim.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 2nd day of December, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE